(No. 81-CC-2875-■■■■■■■■)

DELORIS SMITH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 5, 1989.*

LOUIS S. GOLDSTEIN & ASSOCIATES, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN PERCONTI, Assistant Attorney General, of counsel), for Respondent.

DILLARD, J.

This cause comes on to be heard following a hearing before the Commissioner, and the Commissioner having filed his report. Claimant, Deloris Smith, was a business invitee at the Illinois Secretary of State driver's license facility at 570 West 209th Street, Chicago Heights, Illinois. Claimant testified that after an examination for the purpose of renewing her driver's license, she walked to the waiting area of Respondent's facility, where she

slipped and fell. Claimant alleges she slipped and fell to the floor due to water accumulation on a tile floor. Claimant and another witness, who accompanied Claimant to the driver's license facility, testified that it was raining "hard" at the time of the accident and rain water had been carried into the waiting area by people using the facility.

Due to her fall, Claimant injured her right ankle and hip. Claimant was examined by Louis Cogs, M.D., the day following her fall and received injections and ultrasound treatment to her right ankle. Dr. Cogs' invoice for services rendered was $480 for 12 visits. Also, Claimant was examined at Cook County Hospital for marked soft tissue swelling of the right ankle. The invoice of Cook County Hospital was $105.

At the time of her injury, Claimant was the coordinator and director of a program for the Illinois Office of Education summer food program. Her salary was $200 per week and she was allegedly absent from work for approximately two months following the occurrence. Although Claimant does allege lost wages, her testimony at the hearing was indefinite and Claimant has offered no solid evidence of time lost from work.

From the record the Respondent possessed constructive, if not actual, notice of the standing water. From the testimony of the witnesses it was clear that the water on which Claimant slipped was at least one foot in diameter and had been sitting on the floor for at least one-half hour. There was no attempt by any of Respondent's agents to warn the public about the wet tile floors or clean up the area of standing water. Therefore, the Court finds that the Respondent was negligent in allowing the condition which caused Claimant's fall to exist.

44

It is thereby ordered that Claimant is awarded $2,085 in full and complete satisfaction of her claim.